# ANDERSON KILL & OLICK, P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020-1182
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/5/12

Dennis J. Artese, Esq.
dartese@andersonkill.com
(212) 278-1246

**MEMO ENDORSED**

October 18, 2012

<u>By Hand</u>

Honorable William H. Pauley
United States District Judge
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 20B
New York, New York  10007-1312

   Re: *Janus et Cie v. Andrew Kahnke*
     <u>Case No. 12 CV 7201</u>

Dear Judge Pauley:

  This firm represents defendant Andrew Kahnke ("Mr. Kahnke"), who has been sued by his former employer, Janus et Cie. ("Plaintiff" or "Janus").

  Pursuant to Your Honor's Individual Rules of Practice, Mr. Kahnke respectfully requests a pre-motion conference. Specifically, Mr. Kahnke seeks to move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the Complaint as Plaintiff has failed to state a claim upon which relief can be granted.

  Plaintiff asserts a purported cause of action for "inevitable disclosure" of trade secrets by Mr. Kahnke allegedly to support Plaintiff's application to enjoin Mr. Kahnke from working. Plaintiff, however, makes <u>no</u> allegation that Mr. Kahnke has disclosed confidential information or trade secrets to Mr. Kahnke's new employer, Dedon, Inc. ("Dedon"), or any other party. In other words, Plaintiff has not alleged that Mr. Kahnke has committed a wrong. Instead, Plaintiff has vengefully filed this suit without cause to intimidate Mr. Kahnke. While it is unclear from Plaintiff's Complaint whether Plaintiff's claim is for misappropriation of trade secrets or breach of a non-disclosure agreement between the parties, Plaintiff has failed to allege facts sufficient to state a claim under either theory.

  The non-disclosure agreement between the parties is, by its express terms, governed by California law. It goes without saying that an essential element of a cause of action for breach of the subject non-disclosure agreement is Mr. Kahnke's breach of that contract. *Lyons v. Coxcom, Inc.*, 718 F. Supp. 2d 1232, 1237 (S.D. Cal.

ANDERSON KILL & OLICK, P.C.

Honorable William H. Pauley
October 18, 2012
Page 2

2009) (citing *McDonald v. John P. Scripps Newspaper*, 257 Cal. Rptr. 473, 475 (Cal. Ct. App. 1989). Because Plaintiff has not (and cannot) allege that Mr. Kahnke has breached the non-disclosure agreement, Plaintiff has failed to state a claim for breach of contract under California law. *See Pellerin v. Honeywell Intern., Inc.*, No. 11-CV-01278, 2012 WL 2781346, at *5 (S.D. Cal. July 6, 2012) (dismissing a claim for breach of an employment agreement containing promises not to disclose trade secrets and confidential information where the plaintiff had not alleged facts that showed breach of that agreement).

In an effort to avoid this fatal flaw, Plaintiff vaguely couches its claim as a misappropriation of trade secrets claim based on the illusory theory of inevitable disclosure. In order to survive a motion to dismiss a claim for misappropriation of trade secrets under California law, Janus must adequately allege two elements: (1) existence of a trade secret; and (2) misappropriation of that trade secret. *Pellerin*, 2012 WL 2781346, at *2. The second element requires an allegation of actual use or disclosure of the alleged trade secret information. *Id.* at *3-4; *FLIR Sys., Inc. v. Parrish*, 95 Cal. Rptr. 3d 307, 314 (Cal. Ct. App. 2009). Even assuming Janus has adequately alleged facts supporting the first element (which Mr. Kahnke disputes), Plaintiff's claim must be dismissed because it has failed to allege facts showing that Mr. Kahnke has used or disclosed any trade secrets or confidential information. *Pellerin*, 2012 WL 2781346, at *3-4 (dismissing a claim where the plaintiff alleged no facts indicating actual use or disclosure of confidential information); *see also Bayer Corp. v. Roche Molecular Sys., Inc.*, 72 F. Supp. 2d 1111, 1117 (N.D. Cal. 1999).

Janus' claim rests entirely on its theory that Mr. Kahnke will inevitably disclose confidential information during his employment with Dedon. Complaint, ¶ 28. However, "California does not recognize the 'inevitable disclosure doctrine,' which means that a party cannot prove trade secret misappropriation by demonstrating that a former employee's new employment will inevitably lead the former employee to rely on the former employer's trade secrets." *Id.* at *3; *see also FLIR*, 95 Cal. Rptr. 3d at 314 ("The doctrine of inevitable disclosure is not the law in California."). In fact, because California law clearly does not support such a theory, California courts have imposed sanctions on parties for bringing misappropriation claims based on inevitable disclosure. *See FLIR*, 95 Cal. Rptr. 3d at 319. Since Janus has failed to allege facts supporting the second element of a claim for misappropriation of trade secrets under California law, the Complaint must be dismissed.

Dismissal is also required under New York law. Again, Janus would be required to show (1) that it possessed a trade secret, and (2) that Mr. Kahnke used that trade secret. *Integrated Cash Mgmt. Servs., Inc. v. Digital Transactions, Inc.*, 920 F.2d 171, 173 (2d Cir. 1990). As noted above, Janus has not claimed that Mr. Kahnke has used or disclosed any of Janus's alleged trade secrets, but instead relies on a theory of

nydocs1-997194.3

**ANDERSON KILL & OLICK, P.C.**

Honorable William H. Pauley
October 18, 2012
Page 3

inevitable disclosure.  However, "[t]he doctrine of inevitable disclosure is disfavored in New York because of the State's strong public policy against restrictive non-competition agreements[, and] . . . New York courts have used the doctrine very sparingly to grant injunctive relief <u>only in circumstances where other evidence of theft of trade secrets exists</u>."  *Colonize.Com, Inc. v. Perlow*, No. 03-CV-466, 2003 WL 24256576, at *6 (N.D.N.Y. Oct. 23, 2003) (emphasis added).  In other words, "[a]bsent any wrongdoing . . . mere knowledge of the intricacies of a business is simply not enough."  *Id.*; *see also Boston Laser, Inc. v. Qinxin Zu*, Civ. Action No. 3:07-CV-0791, 2007 WL 2973663, at *9 n.12 (N.D.N.Y. Sept. 21, 2007).  Because Janus has not alleged <u>any</u> theft of trade secrets or other wrongdoing by Mr. Kahnke, the inevitable disclosure theory cannot be applied and Janus' claim must be dismissed.

      For the foregoing reasons, Mr. Kahnke seeks leave to move, pursuant to Rule 12(b)(6), to have the Complaint dismissed and respectfully requests a pre-motion conference at Your Honor's earliest convenience.  We understand that, pursuant to Your Honor's Individual Rules of Practice, Mr. Kahnke's time to answer or move to dismiss is hereby stayed until further order of the Court.

Respectfully submitted,

Dennis J. Artese

cc: Jeffrey H. Daichman, Esq. (by hand and email)
    Gerard Schiano-Strain, Esq. (by hand and email)
    *Counsel for Plaintiff Janus et Cie*
    R. Mark Keenan, Esq.

*[Handwritten: Application granted. The proposed motion will be discussed at the Initial Pre-Trial Conference on November 16, 2012 at 10:00 a.m.]*

SO ORDERED:

_____
WILLIAM H. PAULEY III U.S.D.J.
10/26/12

nydocs1-997194.3