UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------
JANUS ET CIE,

        Plaintiff,    Case No. 12 CV 7201 (WHP)

 -against-

ANDREW KAHNKE,        JOINT DISCOVERY PLAN

        Defendant.

------------------------------------------------------------

## JOINT DISCOVERY PLAN

Pursuant to the Court's October 22, 2012 Order for Initial Pretrial Conference, plaintiff JANUS et Cie ("JANUS" or "Plaintiff") and defendant Andrew Kahnke ("Mr. Kahnke" or "Defendant"), hereby respectfully submit their Joint Discovery Plan.

 A. **Initial Disclosures**

  <u>Defendant's Position:</u> Mr. Kahnke requests that discovery be stayed until resolution of his Motion to Dismiss the Complaint. In the event that the motion is denied, Mr. Kahnke proposes that the parties exchange mandatory disclosures required under Rule 26(a)(1) within 20 days of service of his Answer to the Complaint.

  <u>Plaintiff's Position:</u> Plaintiff requests that discovery proceed during the pendency of any Motion to Dismiss and that the parties exchange mandatory disclosures required under Rule 26(a)(1) within 20 days from the date of this Order.

 B. **Timing and Subjects of Disclosure**

  The parties agree that fact and expert discovery can be completed within 12 months of service of Mr. Kahnke's Answer to the Complaint, and will be needed to address at least the following subjects:

1. The nature of JANUS' business and that of and Mr. Kahnke's current employer, Dedon, Inc. ("Dedon");

2. Business tools utilized by JANUS and Dedon;

3. Mr. Kahnke's duties and responsibilities at JANUS and at Dedon;

4. Whether and to what extent JANUS possessed trade secrets to which Mr. Kahnke had access; and

5. If JANUS possessed trade secrets to which Mr. Kahnke had access: (a) steps taken by JANUS to maintain those trade secrets as confidential; and (b) whether Mr. Kahnke actually disclosed any such trade secrets to Dedon.

The parties reserve the right to take discovery on other relevant subjects, and do not presently foresee a need to conduct discovery in phases.

### C. Disclosure Issues, Including ESI

The parties do not presently anticipate any issues in connection with disclosure or discovery of electronically stored information. The parties have agreed to the production of electronically stored information, including but not limited to emails, in hard-copy format. To the extent that electronically stored information is withheld on the basis of privilege, an appropriate privilege log shall be produced.

### D. Privilege and Protective Orders

As the subjects of necessary discovery in this case concern alleged trade secrets and confidential business information, the parties anticipate requesting a protective order from the Court pursuant to Rule 26(c). The parties do not presently anticipate any issues regarding claims of privilege.

### E. Limitations on Discovery

The parties do not request any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of this Court, and do not at this time request any other limitations.

Dated: November 9, 2012
       New York, New York

for plaintiff    **JANUS et Cie**

s/ Jeffrey H. Daichman
Jeffrey H. Daichman
Gerard Schiano-Strain
**KANE KESSLER, P.C.**
1350 Avenue of the Americas
New York, New York 10019
(212) 541-6222


for defendant   **ANDREW KAHNKE**

s/ Dennis J. Artese
R. Mark Keenan
Dennis J. Artese
Kathleen Donovan
**ANDERSON KILL & OLICK, P.C.**
1251 Avenue of the Americas
New York, New York 10020
T: 212-278-1000


                      **IT IS SO ORDERED THIS ___ DAY OF _____, 2012:**


                                                    WILLIAM H. PAULEY, III
                                                    U.S.D.J.