R. Mark Keenan
mkeenan@andersonkill.com
Dennis J. Artese
dartese@andersonkill.com
Kathleen F. Donovan
kdonovan@andersonkill.com
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 278-1000
Facsimile: (212) 278-1733

Attorneys For Defendant
Andrew Kahnke

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANUS ET CIE,<br><br>                          Plaintiff,<br><br>v.<br><br>ANDREW KAHNKE,<br><br>                          Defendant. | Civil Action No. 12-CIV-7201-WHP |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT ANDREW KAHNKE'S MOTION TO DISMISS**

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...........................................................................................................1

ARGUMENT ......................................................................................................................................2

I.   NEW YORK COURTS WILL NOT APPLY THE "INEVITABLE
     DISCLOSURE THEORY" WITHOUT A VALID UNDERLYING CLAIM .........................2

     A.   All the New York Appellate Courts (and Indeed All the Lower Courts as
          Well) That Have Considered the Issue Have Rejected the Application of the
          "Inevitable Disclosure" Theory Without a Valid Underlying Claim ...........................3

     B.   The Caselaw Mandates Dismissal of Janus' Complaint ...............................................4

     C.   Janus' Irrelevant Citations to Illinois Law and Its Mischaracterization of
          New York Cases Further Support Dismissal ................................................................7

II.  PUBLIC POLICY MANDATES DISMISSAL OF JANUS' COMPLAINT ..........................8

CONCLUSION .................................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Baur v. Veneman,*
352 F.3d 625 (2d Cir. 2003) .................................................................................................. 10

*Boston Laser, Inc. v. Qinxin Zu,*
No. 3:07-CV-0791T, 2007 WL 2973663 (N.D.N.Y. Sept. 21, 2007) ............................... 2, 5, 6

*City of Johnstown, N.Y. v. Bankers Standard Ins. Co.,*
877 F.2d 1146 (2d Cir. 1989) .................................................................................................. 3

*Colonize.Com, Inc. v. Perlow,*
No. 03-CV-466, 2003 WL 24256576 (N.D.N.Y. Oct. 23, 2003) ..................................... 2, 5, 6

*DoubleClick, Inc. v. Henderson,*
No. 116914/97, 1997 WL 731413 (N.Y. Sup. Ct. N.Y. Cty. Nov. 7, 1997) ......................... 4, 8

*EarthWeb Inc. v. Schlack,*
71 F. Supp. 2d 299 (S.D.N.Y. 1999) ................................................................................ passim

*Elliott Associates, L.P. v. Banco de la Nacion,*
194 F.3d 363 (2d Cir. 1999) .................................................................................................... 3

*First Empire Securities, Inc. v. Miele,*
2007 WL 2894245, 851 N.Y.S.2d 57 (N.Y. Sup. Ct. Suffolk Cty. 2007) ............................ 2, 7

*FLIR Sys., Inc. v. Parrish,*
95 Cal. Rptr. 3d 307 (Cal. Ct. App. 2009) .............................................................................. 3

*Global Telesystems, Inc. v. KPNQwest, N.V.,*
151 F.Supp.2d 478 (S.D.N.Y. 2001) ....................................................................................... 8

*Ikon Office Solutions, Inc. v. Usherwood Office Technology, Inc.,*
875 N.Y.S.2d 820 (N.Y. Sup. Ct. Albany Cty. 2008) .......................................................... 4, 8

*International Machines Corp. v. Papermaster,*
No. 08-CV-9078 (KMK), 2008 WL 4974508 (S.D.N.Y. Nov. 21, 2008) ............................ 4, 8

*Marietta Corp. v. Fairhurst,*
754 N.Y.S.2d 62 (3d Dep't 2003) .................................................................................. 2, 3, 6, 7

*O Zon Inc. v. Charles,*
272 F.Supp.2d 307 (S.D.N.Y. 2003) .................................................................................... 3, 4

*PepsiCo, Inc. v. Redmond*
54 F.3d 1262 (7th Cir. 1995) ................................................................................................... 7

*Reuben H. Donnelley Corp. v. Mark I Marketing Corp.,*
893 F.Supp. 285 (S.D.N.Y. 1995) ........................................................................................... 4

## TABLE OF AUTHORITIES

Page(s)

*Singer v. Bell*,
   585 F.Supp. 300 (S.D.N.Y. 1984) ................................................................................. 10

*Stoner v. Walsh*,
   772 F. Supp. 790 (S.D.N.Y. 1991) ................................................................................. 10

*U.S. Re Companies, Inc. v. Scheerer*,
   838 N.Y.S.2d 37 (1st Dep't 2007) ................................................................................. 3, 9

nydocs1-1001197.7

Defendant Andrew Kahnke ("Mr. Kahnke" or "Defendant") respectfully submits this Reply Memorandum of Law in further support of his Motion to Dismiss the Complaint of plaintiff JANUS et Cie ("Janus" or "Plaintiff") in the above-referenced action.

## PRELIMINARY STATEMENT

There is no cause of action for "inevitable disclosure" of trade secrets under New York law, and Janus' contention otherwise is wholly unsupported. New York courts will apply the "inevitable disclosure" doctrine only where there are underlying claims or allegations of actual misappropriation of trade secrets or breach of a non-competition agreement. It is Janus, a California corporation, that states that New York law applies; it is Janus that admits that it has not alleged a misappropriation claim and that no non-competition agreement exists between the parties. Opp. at 4, 8, 10.[1] A review of Janus' Complaint reveals no allegations that Mr. Kahnke has used or disclosed Janus' purported confidential information, and the only agreement between the parties is a confidentiality agreement that Janus admits does not form the basis of its claim. *See generally* Complaint; Opp. at 4, 8, 9.

Through its Complaint, Janus attempts what has never before been done under New York law – to state a <u>claim</u> for future possible wrongdoing, the effect of which will be to enjoin a middle-management employee from forever working for a competitor without <u>any</u> allegation whatsoever that the employee ever committed a wrong. Since no New York cases support such an ill-conceived theory, Janus resorts to distorting Mr. Kahnke's arguments, mischaracterizing relevant caselaw, and making the unsubstantiated leap that because New York courts will consider "inevitable disclosure" in conjunction with a motion for preliminary injunction <u>based on an underlying properly pleaded and recognized claim</u> (*i.e.*, breach of

---

[1] "Opp. at __" refers to the corresponding page(s) of Janus' Memorandum of Law in Opposition to Defendant's Motion to Dismiss, dated December 14, 2012.

contract, trade secret misappropriation), then New York somehow must permit a stand-alone cause of action for "inevitable disclosure" of trade secrets, even absent any allegations of actual misappropriation or breach of contract. Janus' interpretation of the relevant case law is misguided at best. There simply is no New York authority that supports Janus' position. Accordingly, its Complaint should be dismissed in its entirety.

## ARGUMENT

### I. NEW YORK COURTS WILL NOT APPLY THE "INEVITABLE DISCLOSURE THEORY" WITHOUT A VALID UNDERLYING CLAIM

New York courts do not recognize an independent claim of "inevitable disclosure" of trade secrets. *Marietta Corp. v. Fairhurst*, 754 N.Y.S.2d 62, 65 (3d Dep't 2003) (The "inevitable disclosure" theory has "not yet [been] adopted by the state courts" of New York.); *see also First Empire Securities, Inc. v. Miele*, 2007 WL 2894245, at *5, 851 N.Y.S.2d 57 (Table) (N.Y. Sup. Ct. Suffolk Cty. 2007). <u>New York courts have only applied the theory (on an ancillary issue – the right to preliminary injunctive relief) if and only if there are underlying allegations of (1) breach of a non-compete agreement, or (2) actual misappropriation of trade secrets or other wrongdoing.</u> *E.g.*, *Marietta Corp.*, 754 N.Y.S.2d at 65-66 ("As no restrictive covenant was in existence here and our well entrenched state public policy considerations disfavor such agreements, the doctrine of inevitable disclosure is disfavored as well, '[a]bsent evidence of actual misappropriation by an employee.'" (quoting *EarthWeb Inc. v. Schlack*, 71 F. Supp. 2d 299, 310 (S.D.N.Y. 1999))); *Boston Laser, Inc. v. Qinxin Zu*, No. 3:07-CV-0791T (TJM/DEP), 2007 WL 2973663, at *9 n.12 (N.D.N.Y. Sept. 21, 2007) ("[F]ederal courts also have exemplified a reluctance to use the doctrine to grant injunctive relief, and have applied the doctrine only where evidence of actual misappropriation of trade secrets exists."); *Colonize.Com, Inc. v. Perlow*, No. 03-CV-466, 2003 WL 24256576, at *6 (N.D.N.Y. Oct. 23, 2003) ("New

2

York courts have used the doctrine very sparingly to grant injunctive relief only in circumstances where other evidence of theft of trade secrets exists...."); *U.S. Re Companies, Inc. v. Scheerer*, 838 N.Y.S.2d 37, 40 (1st Dep't 2007) ("Absent concrete evidence that the employee has actually breached a confidentiality agreement, there is no basis to bind him 'to an implied in fact restrictive covenant' not to compete."); *see also O Zon Inc. v. Charles*, 272 F.Supp.2d 307, 312 (S.D.N.Y. 2003) (finding "case or controversy" requirement was not met where plaintiff had not alleged actual infringement of trade dress).

    A.    **All the New York Appellate Courts (and Indeed All the Lower Courts as Well) That Have Considered the Issue Have Rejected the Application of the "Inevitable Disclosure" Theory Without a Valid Underlying Claim**

If Janus had brought its "claim" in its home state of California, it would have been dismissed in its entirety and Janus likely would have been sanctioned. *See FLIR Sys., Inc. v. Parrish*, 95 Cal. Rptr. 3d 307, 314 (Cal. Ct. App. 2009). In an attempt to avoid that result, Janus insists that New York law applies to its "claim." Opp. at 8-9.

The role of a federal court "sitting in diversity is to construe and apply state law as [it] believe[s] the state's highest court would." *City of Johnstown, N.Y. v. Bankers Standard Ins. Co.*, 877 F.2d 1146, 1153 (2d Cir. 1989); *see also Elliott Associates, L.P. v. Banco de la Nacion*, 194 F.3d 363, 370 (2d Cir. 1999). Where the highest court has not spoken, lower court decisions should be considered. *Elliott Associates*, 194 F.3d at 370. As set forth fully below, all of the New York cases cited by the parties support dismissal of Janus' Complaint. Moreover, it is telling that Janus completely ignores the New York appellate authorities cited in Mr. Kahnke's opening brief, including *Marietta*, 754 N.Y.S.2d at 65 and *U.S. Re Companies*, 838 N.Y.S.2d at 40.

3

**B.      The Caselaw Mandates Dismissal of Janus' Complaint**

In its Opposition, Janus has not identified a single New York state or federal court decision that applies the "inevitable disclosure" theory without an underlying claim for actual misappropriation of trade secrets or breach of a non-compete agreement. To the contrary, in every "inevitable disclosure" case cited by Janus, the plaintiff alleged that the defendant employee actually misappropriated the plaintiff's trade secrets or accepted employment in breach of a non-competition agreement. *EarthWeb, Inc. v. Schlack*, 71 F. Supp. 2d 299, 307 (S.D.N.Y. 1999) (non-compete agreement in place); *International Machines Corp. v. Papermaster*, No. 08-CV-9078 (KMK), 2008 WL 4974508, at *1 (S.D.N.Y. Nov. 21, 2008) (non-compete agreement breached); *DoubleClick, Inc. v. Henderson*, No. 116914/97, 1997 WL 731413, at *1, 5 (N.Y. Sup. Ct. N.Y. Cty. Nov. 7, 1997) (actual misappropriation and breach of a non-compete agreement); *Ikon Office Solutions, Inc. v. Usherwood Office Technology, Inc.*, 875 N.Y.S.2d 820, at *3-4 (N.Y. Sup. Ct. Albany Cty. 2008) (breach of a non-compete agreement and actual misappropriation). New York law is clear – because Janus has not alleged either of these two special circumstances that are pre-requisites to the application of the "inevitable disclosure" theory, Janus has not alleged a cause of action sufficient to withstand Mr. Kahnke's Motion to Dismiss.[2]

In its Opposition, Janus relies on the very same cases cited in Mr. Kahnke's opening brief, but overtly distorts Mr. Kahnke's arguments, misrepresents the holdings of those

---

[2] Furthermore, without a valid underlying claim, Janus' request for a permanent injunction must fail. "There is no 'injunctive' cause of action under New York or federal law. Instead, defendants must allege some wrongful conduct on the part of plaintiff for which their requested injunction is an appropriate remedy." *Reuben H. Donnelley Corp. v. Mark I Marketing Corp.*, 893 F.Supp. 285, 293 (S.D.N.Y. 1995); *see also O Zon, Inc. v. Charles*, 272 F.Supp.2d 307, 312 (S.D.N.Y. 2003).

cases, and jumps to the unsupported conclusion that the cases support Janus' unprecedented "claim" for inevitable disclosure.

For example, Janus cites this Court's holding in *EarthWeb* for the proposition that the "inevitable disclosure" theory can be applied "[a]bsent evidence of actual misappropriation." *See, e.g.*, Opp. at 9. Janus, however, conveniently glosses over the fact that the underlying claim in *EarthWeb* involved an alleged breach of a non-compete agreement (the second of the two requirements under New York law). *EarthWeb*, 71 F. Supp. 2d at 307-08 ("EarthWeb acknowledged that it had no evidence of any wrongdoing by Schlack apart from his alleged breach of the employment agreement."). Because there was a non-compete agreement in place, Your Honor was able to avoid the public policy concerns that prevent application of the "inevitable disclosure" theory where no such agreement exists. *Id.* at 310. Even then, this Court "decline[d] to re-write the parties' employment agreement under the rubric of inevitable disclosure and thereby permit EarthWeb to broaden the sweep of its restrictive covenant." *Id.* at 311. Thus, *EarthWeb* is entirely consistent with Mr. Kahnke's position that, under New York law, application of the "inevitable disclosure" theory is only appropriate where there are allegations of actual misappropriation and/or breach of a non-compete agreement.

Janus also summarily and unpersuasively disregards the holdings of *Colonize.Com v. Perlow* and *Boston Laser, Inc. v. Qinxin Zu*, both of which squarely reject the overreaching application of the "inevitable disclosure" theory in the manner proposed by Janus. Opp. at 13. In *Boston Laser*, the court specifically stated that New York federal courts have applied the "inevitable disclosure" theory to grant injunctive relief "only where other evidence of actual misappropriation of trade secrets exists." *Boston Laser*, 2007 WL 2973663, at *9 n.12. The court then refused to apply the theory where the plaintiff had not alleged actual

5

nydocs1-1001197.7

misappropriation but only that the employee "undoubtedly [would] reveal its proprietary information during his employment" with his new employer. *Id.* Similarly, in *Colonize.Com*, the court stated that "New York courts have used the doctrine very sparingly to grant injunctive relief only in circumstances where other evidence of theft of trade secrets exists." *Colonize.Com*, 2003 WL 24256576, at *6. Applying the rule, the court denied injunctive relief because there were no allegations of actual misappropriation or "wrongdoing that would constitute a breach under the non-compete agreement." *Id.* Because Janus has not and cannot allege that Mr. Kahnke actually stole or misappropriated trade secrets, Janus has not met this clear standard articulated in *Boston Laser* and *Colonize.Com*.

Janus' attempt to distinguish these cases because they involved the "drastic remedy" of a preliminary injunction is unavailing. Every New York case on the subject of "inevitable disclosure" is in the context of a motion for a preliminary injunction. Why? Because it is relevant to an ancillary issue (entitlement to preliminary injunctive relief, *i.e.*, irreparable injury). However, it is not a substitute for a valid underlying claim. In all the cases discussing "inevitable disclosure," the court required the predicate that there be (1) evidence of actual misappropriation or (2) a claim for breach of a non-compete agreement. There is no valid reason to require anything less for the permanent injunction that Janus seeks here. Indeed, Janus does not even attempt to offer any such rationale. Instead, it misleads this Court, contending vaguely that *Boston Laser* and *Colonize.Com* "recognized that the inevitable disclosure doctrine may apply in some cases...." Opp. at 13.

In its Opposition papers, Janus also ignores some critical authorities in their entirety. For example, Janus completely ignores *Marietta Corp. v. Fairhurst*, the most factually similar case and the only New York appellate authority cited by Mr. Kahnke in his opening brief.

6

The fact that Janus does not even attempt to refute *Marietta* is telling. In *Marietta*, like here, there were no allegations that defendant Fairhurst had "intentionally disclosed any proprietary information, nor was an anticompetitive employment agreement in effect." *Marietta*, 754 N.Y.S.2d at 65. Instead, like Janus and Mr. Kahnke, Marietta Corp. and Fairhurst had simply executed a confidentiality agreement. *Id.* Recognizing that the "inevitable disclosure" theory has "not yet [been] adopted by the state courts" of New York, the Third Department denied Marietta Corp.'s requested relief. *Id.* at 65-66. Janus cannot avoid the results in these cases by failing to address them.

Similarly, Janus ignores *First Empire Securities, Inc. v. Miele*, 851 N.Y.S.2d 57, at *5 (N.Y. Sup. Ct. Suffolk Cty. 2007) (holding that New York does not recognize the inevitable disclosure doctrine without actual misappropriation and refusing to apply the doctrine where the former employee did not actually "use[ ] trade secrets, proprietary information or fraudulent methods either before or after he left the employ of the [plaintiff].").

### C. Janus' Irrelevant Citations to Illinois Law and Its Mischaracterization of New York Cases Further Support Dismissal

After spending over a page of its briefing arguing for the application of New York law, Janus focuses heavily on the holding in *PepsiCo, Inc. v. Redmond* 54 F.3d 1262 (7th Cir. 1995) (applying Illinois law), an easily distinguishable Seventh Circuit decision. Opp. at 8-10, 14-15. In addition to the obvious fact that Illinois law does not apply here, the *PepsiCo* decision was based upon an action for misappropriation of trade secrets brought under the Illinois Trade Secrets Act ("ITSA"). *Id.* at 1267-68. As Your Honor recognized in *EarthWeb*, the *PepsiCo* case is distinguishable because "New York has not enacted a similar statute." *EarthWeb*, 71 F.Supp.2d at 309 n.5. Thus, Janus' transparent attempt to rely on Illinois law in the absence of New York law in support of its position must be rejected.

7

In each of the New York cases cited by Janus, the "inevitable disclosure" theory was applied (if at all) where – and only where – there were underlying allegations of actual misappropriation or breach of a non-compete agreement. *Ikon Office Solutions, Inc. v. Usherwood Office Technology, Inc.*, 875 N.Y.S.2d 820 (Table), at *7 (N.Y. Sup. Ct. Albany County 2008) (court's decision to grant preliminary injunction was based on allegations of misappropriation and fact "that the employment agreements signed by each of the individual defendants expressly speak to the issue of post-employment restrictions on competition and solicitation."); *International Machines Corp. v. Papermaster*, No. 08-CV-9078 (KMK), 2008 WL 4974508, at *7 (S.D.N.Y. Nov. 21, 2008) (finding claim for breach of a noncompetition agreement "highly relevant" to its finding that IBM would suffer irreparable harm if a preliminary injunction were not granted); *DoubleClick, Inc. v. Henderson*, No. 116914/97, 1997 WL 731413, at *1 (N.Y. Sup. Ct. N.Y. Cty. Nov. 7, 1997) (granting preliminary injunction because there were allegations and evidence of actual misappropriation, including copying of employer's confidential information).[3,4]

## II.   PUBLIC POLICY MANDATES DISMISSAL OF JANUS' COMPLAINT

Contrary to common sense, logic and principles of fairness, Janus would have this court assist Janus in forcing a 28-year-old middle management furniture salesman to incur the

---

[3]   The risk of inevitable disclosure simply "bolstered" the court's decision. *Id.* at *5. Thus, "[w]hile DoubleClick appears to represent a high water mark for the inevitable disclosure doctrine in New York, its holding rests heavily on evidence of the defendants' overt theft of trade secrets and breaches of fiduciary duty." *EarthWeb*, 71 F.Supp.2d at 310 (emphasis added).

[4]   Janus also cites *Global Telesystems, Inc. v. KPNQwest, N.V.*, which is wholly irrelevant to the dispute at hand. 151 F.Supp.2d 478 (S.D.N.Y. 2001). There, business competitors Global Telesystems, Inc. and KPNQwest, N.V. previously had executed a contract not to solicit or hire each other's employees. It was based on a plaintiff's cause of action for breach of that contract that the court granted Global Telesystems' motion for a preliminary injunction preventing KPNQwest from hiring its former employee. *Id.* at 482. Janus and Mr. Kahnke's new employer, Dedon, Inc., have not executed any such an agreement, and Dedon is not even a party to this case. Therefore, *Global Telesystems* has no relevance here.

8

substantial time and expense in defending a litigation <u>without</u> <u>any</u> allegations of wrongdoing. If this Court were to allow Janus' action to proceed, it would constitute the first decision under New York law recognizing an employer's right to sue and enjoin a former employee's right to work, without the existence of a pre-negotiated non-compete agreement and without any evidence of wrongdoing. Janus claims it wants to use the court process to seek discovery. What it really wants is to coerce Mr. Kahnke and others not to leave Janus on their own free will – for if they do so, they will incur legal costs and embarrassment defending a lawsuit without any claims of wrongdoing. But New York courts refuse to apply the "inevitable disclosure" theory in this manner for good reason.

Where, as here, the parties simply execute a confidentiality agreement, application of the theory would permit "the parties' confidentiality agreement [to] be wielded as a restrictive covenant…. This can be a powerful weapon in the hands of an employer; the risk of litigation alone may have a chilling effect on the employee. <u>Such constraints should be the product of open negotiation</u>." *EarthWeb, Inc. v. Schlack*, 71 F. Supp. 2d at 310 (emphasis added); *see also U.S. Re Companies*, 41 A.D.3d at 155, 838 N.Y.S.2d at 40 ("Absent concrete evidence that the employee has actually breached a confidentiality agreement, there is no basis to bind him to an implied in fact restrictive covenant not to compete." (quotations omitted)).

To permit the creation of an implied-in-fact non-compete agreement where the former employee has committed no wrong would have far-reaching implications across countless industries and employment relationships and would severely stifle an employee's freedom and ability to leave its employer. Utilizing Janus' theory of "inevitable disclosure," one could use this harassing and mindless litigation tactic against just about every middle and upper manager in every company in the country that utilizes computers. Such a decision also would permit the

nydocs1-1001197.7

employer to engage in a blatant and harassing fishing expedition in the hopes of finding some evidence of some "wrongdoing" in the future. *E.g.*, *Stoner v. Walsh*, 772 F. Supp. 790, 807 (S.D.N.Y. 1991) (holding that plaintiff cannot be permitted to conduct a fishing expedition to "conjure up a claim that does not exist"). This is an abuse of process. This is not what courts are supposed to be used for. It would violate public policy for a defendant to be forced to defend a lawsuit that does not contain a single valid claim that the defendant has committed a wrong or that the plaintiff has suffered any harm. In fact, New York courts recognize that "the plaintiff's injury must be actual or imminent to ensure that the court avoids deciding a purely hypothetical case in which the projected harm may ultimately fail to occur." *Baur v. Veneman*, 352 F.3d 625, 632 (2d Cir. 2003). This Court should reject Janus' harassing attempt to pursue its fabricated cause of action for "inevitable disclosure," while simultaneously abusing the discovery process to search for a valid claim. *See, e.g.*, *Stoner v. Walsh*, 772 F.Supp. 790, 807 (S.D.N.Y. 1991) (plaintiff cannot be permitted to conduct a fishing expedition to "conjure up a claim that does not exist") (quoting *Avnet, Inc. v. American Motorists Ins. Co.*, 115 F.R.D. 588, 592 (S.D.N.Y. 1987)); *Singer v. Bell*, 585 F.Supp. 300, 304 (S.D.N.Y. 1984) ("The discovery rules 'are not a hunting license to conjure up a claim that does not exist.'" (quoting *Samuels v. Eleonara Beheer, B.V.*, 500 F.Supp. 1357, 1362 (S.D.N.Y. 1980)).

Without an allegation of wrongdoing, this case should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety, and grant such other and further relief as this Court deems just and proper.

10

nydocs1-1001197.7

Dated:  New York, New York
         December 21, 2012

                                    **ANDERSON KILL & OLICK, P.C.**

                                    By: *s/ Dennis J. Artese*
                                        R. Mark Keenan
                                        Dennis J. Artese
                                        Kathleen F. Donovan
                                        1251 Avenue of the Americas
                                        New York, NY 10020
                                        Tel:  (212) 278-1000
                                        Fax: (212) 278-1733

                                        *Attorneys for Defendant*
                                        *Andrew Kahnke*

## CERTIFICATE OF SERVICE

I, Kathleen F. Donovan, hereby certify that, on December 21, 2012, I served a copy of the within document by delivering the same to the following attorneys by filing by ECF. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

Jeffrey H. Daichman
Gerard Schiano-Strain
KANE KESSLER, P.C.
1350 Avenue of the Americas
New York, NY 10019

/s/ Kathleen F. Donovan
───────────────────────────
Kathleen F. Donovan, Esq.